UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: ELOY MARTINEZ and
ROSINA T. MARTINEZ,

No. 7-10-11101 JA

Debtors.

## MEMORANDUM OPINION ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

The Debtors[1] unsuccessfully sought to avoid Mr. Gould's judicial lien while the Debtors' case was pending under Chapter 13. *See* Memorandum Opinion and Order – Docket Nos. 101 and 102. Now, more than four years after the Debtors filed their voluntary petition, and after converting the case to Chapter 7, the Debtors again seek to avoid Walter Gould's judicial lien under 11 U.S.C. § 522(f) as impairing Rosina Martinez's homestead exemption.

On cross-motions for summary judgment,[2] the Court is asked to determine whether the Debtors' conversion of her bankruptcy case from Chapter 13 to Chapter 7 requires the re-valuation of their residential real property for purposes of applying the lien avoidance provisions of 11 U.S.C. § 522(f). The Debtor contends that the property has significantly depreciated in value since the filing of the bankruptcy case in 2010, that the plain language of 11 U.S.C. § 348(f)(1)(B) negates all valuations made while the case was pending under Chapter 13 upon conversion of the case to Chapter 7, and that the property must be re-valued as of the conversion date to determine whether the creditor's lien impairs the Debtor's homestead exemption. Creditor Walter Gould asserts that the Debtors are bound by the stipulation of value that the

---

[1] Use of the term "Debtors" in this Memorandum Opinion refers to both Eloy Martinez and Rosina Martinez. Use of the term "Debtor" in this Memorandum Opinion refers to Rosina Martinez.
[2] *See* Debtor's Motion for Summary Judgment Allowing her to Avoid Judgment Lien ("Debtor's Motion for Summary Judgment") (Docket No. 198) and Creditor Walter Gould's Motion and Memorandum in Support of Motion for Summary Judgment Denying Debtors' Motion to Avoid Liens Pursuant to § 522(f) ("Gould's Motion for Summary Judgment") (Docket No. 199). The Debtor filed a response to Gould's Summary Judgment, and Walter Gould filed a response to the Debtor's Motion for Summary Judgment. *See* Docket Nos. 202 and 203. Walter Gould also filed a reply. *See* Docket No. 207.

parties entered into to resolve the Debtors' objection to Mr. Gould's claim while the case was proceeding under Chapter 13, and that 11 U.S.C. § 348(f)(1)(B) is in applicable.

After considering the relevant Bankruptcy Code sections and the applicable case law in light of the parties' arguments, the Court will deny both motions for summary judgment. The language of 11 U.S.C. § 348(f)(1)(B) plainly provides that "valuations of property . . . in the chapter 13 case" do not apply "in a case converted to a case under chapter 7." 11 U.S.C. § 348(f)(1)(B). Even though the parties stipulated to the property's value "for all purposes in the bankruptcy case,"[3] the Court finds that the parties' stipulation is not specific enough to except it from the application of 11 U.S.C. § 348(f)(1)(B), absent extrinsic evidence of the parties' intent. As for the Debtor's request for summary judgment, the Debtor has failed to establish the value of the property as of the petition date as required for lien avoidance under 11 U.S.C. § 522(f).

SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056 ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary

---

[3] *See* Stipulated Order Resolving Debtors' Objection to the Claim of Creditor Gould, Gould's Motion for Summary Judgment, Debtors' Motion for Additional time Regarding Summary Judgment, and Value of Espanola Property ("Stipulated Order") – Docket No. 91.

judgment." *Wolf v. Prudential Ins. Co. of America*, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F2d 1238, 1241 (10th Cir. 1990)). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Despite the filing of the cross-motions for summary judgment, which suggests that the material facts are not in genuine dispute, the Court must nevertheless determine whether a genuine issue of material fact prevents the entry of summary judgment. *See Renfro v. City of Emporia,* 948 F.2d 1529, 1534 (10th Cir. 1991)(stating that "the filing of cross-motions for summary judgment does not necessarily concede the absence of a material issue of fact[,]" but that "cross-motions for summary judgment do authorize the court to assume that there is no evidence which needs to be considered other than that which has been filed by the parties.")(additional internal quotation marks and citations omitted); *Harris v. Beneficial Oklahoma, Inc., (In re Harris),* 209 B.R. 990, 998 (10th Cir. BAP 1997)(a party's "cross-motion [for summary judgment] must independently satisfy the requirements of Rule 56(c).")(citing *Renfo,* 948 F.2d at 1534 and *SEC v. American Commodity Exch., Inc.,* 546 F.2d 1361, 1365 (10th Cir. 1976)); *In re Rodriguez,* 456 B.R. 532, 536 (Bankr. D.N.M. 2010)("Cross motions for summary judgment raise an inference that summary judgment may be appropriate[,]" but the court must nevertheless satisfy itself that the movant has satisfied the requirements of Rule 56 before granting summary judgment)(citations omitted).

-3-

Case 10-11101-j7    Doc 210    Filed 06/18/15    Entered 06/18/15 14:47:56 Page 3 of 16

## FACTS NOT IN GENUINE DISPUTE

1. The Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 8, 2010.

2. The Debtors live at 501 Roman Drive, Espanola, New Mexico, which includes a residence and an adjacent lot used as the backyard for the residence (the "Property").

3. The Property is Rosina Martinez's sole and separate property.

4. The Debtors scheduled the Property in their original Schedule A with a value of $90,000. *See* Docket No. 15.

5. The Debtors elected to take New Mexico exemptions, and claimed a $60,000 homestead exemption in the Property on Schedule C filed on April 2, 2010. *See* Docket No. 15.

6. Mr. Gould holds a judicial lien against the Property.

7. There are no contractual liens against the Property.

8. The Property was appraised as of September 30, 2010 with a value of $168,000, of which $130,000 is attributable to the residence, and $38,000 is attributable to the adjacent lot.

9. On April 14, 2011, the Debtors and Mr. Gould approved a Stipulated Order reflecting stipulations of the parties, including a stipulated value for the Property. *See* Docket No. 91.

10. The Stipulated Order includes the following stipulations:

   a) Gould shall have an allowed claim of $85,000.00, secured by the Property, and that claim shall bear interest at the rate of 8.75% from the date of entry of the Stipulated Order. Gould's allowed claim is a secured claim to the extent of the value of the Property remaining after any allowed homestead exemption of the Debtors. *See* Stipulated Order, ¶ 4.

   b) [T]he value of the residence at 501 Roman Drive Espanola, NM is $130,000.00. Debtors, Gould and the [Chapter 13] Trustee agree that the lot behind the residence owned by Debtor Rosina Martinez has a value of $38,000.00. Both the residence and the lot behind the residence are

-4-

referred to as the Espanola Property, and together have a value of $168,000.00. This value is the agreed value for all purposes in this bankruptcy case and is binding on the Debtors, Gould, and the [Chapter 13] Trustee. *See* Stipulated Order, ¶ 6. *See also,* Stipulated Order, ¶ F ("the Espanola Property has described herein has a value of $168,000 for all purposes in this bankruptcy case.").

    c)    Rosina Martinez is entitled to a homestead exemption in the Property in the amount of $60,000. *See* Stipulated Order, ¶ 2.

11. On January 24, 2012, the Court entered a Memorandum Opinion on: 1) Mr. Gould's objection to the Debtors' claim of exemptions; 2) the Chapter 13 Trustee's objection to the Debtors amended claim of exemptions; and 3) the Debtors' motion to avoid judicial liens. *See* Docket No. 101. The Court determined, based on the parties' stipulations of fact, that Eloy Martinez is not entitled to claim a homestead exemption in the Property; that Mr. Gould's judicial lien had a value of $85,000.00 as of April 14, 2011, plus interest at the rate of 8.75%; that the Property was worth $168,000.00; and that Mr. Gould's judicial lien did not impair the Debtors' homestead exemption. *Id.*

12. Consistent with its Memorandum Opinion, the Court entered an order denying the Debtors' motion to avoid Mr. Gould's judicial lien. *See* Docket No. 102.

13. The Debtors confirmed their Chapter 13 plan on August 13, 2012. *See* Order Confirming Chapter 13 Plan ("Confirmation Order" – Docket No. 129).

14. The Confirmation Order included the following findings: 1) Walter Gould has an allowed $85,000.00 claim against the Debtors, plus interest at 8.75% from April 14, 2011 until the claim is paid in full, secured by the Property; 2) the Property has a value of $168,000.00; and 3) if the Debtors' Chapter 13 case is dismissed or converted without completion of the Plan, Mr. Gould's lien will be retained to the extent recognized under applicable nonbankruptcy law. *See* Confirmation Order, ¶¶ 4, 5, and 6.

15. The Debtors converted their case from one pending under Chapter 13 to a case under Chapter 7 on June 25, 2014. *See* Motion to Convert Chapter 13 Case to Chapter 7 (Docket No. 173) and Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines (Docket No. 177).

16. Following the conversion of the Debtors' bankruptcy case to Chapter 7, the Debtor filed an amended motion to avoid lien and a second amended motion to avoid lien seeking to avoid Mr. Gould's lien as impairing the Debtor's homestead exemption. *See* Docket Nos. 182 and 193.

17. The Debtors filed an Amended Schedule A on August 5, 2014. The Debtors scheduled the Property listed on their Amended Schedule A with a value of $75,000.00.

18. The Debtors had the Property appraised as of December 20, 2014 with a value of $75,000.00.

DISCUSSION

The cross motions for summary judgment raise three issues. First, what is the relevant date for valuing property for purposes of determining whether a judicial lien against the property should be avoided under 11 U.S.C. § 522(f)? Second, does 11 U.S.C. § 348(f)(1)(B), which provides that valuations of property in a Chapter 13 case do not apply in a case converted from Chapter 13 to Chapter 7, negate the type of valuation contained in the Stipulated Order? Third, if 11 U.S.C. § 348(f)(1)(B) applies to values made by stipulated order, did the Debtors waive that provision?

1. *The relevant valuation date is the date the Debtors commenced their case under Chapter 13*

Pursuant to 11 U.S.C. § 522(f), a debtor may avoid a judicial lien to the extent it impairs an exemption to which the debtor is entitled. It provides:

-6-

> [A] lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.
>
> 11 U.S.C. § 522(f)(2)(A).

The parties agree that Ms. Martinez is entitled to a $60,000.00 homestead exemption in the Property, that Mr. Gould holds a judicial lien in the amount of $85,000.00, and that there are no other consensual liens against the Property. The dispute is over the value of the Property, including the relevant valuation date.

"Value" is defined for purposes of 11 U.S.C. § 522 as the "fair market value **as of the date of the filing of the petition**, or with respect to property that becomes property of the estate after such date, as of the date such property becomes property of the estate." 11 U.S.C. § 522(a)(2)(emphasis added).[4] The Debtor's contention that the current value of the Property, or the value as of the date of conversation, should be used to determine lien avoidance is contrary to the requirements of the lien avoidance statute and is inconsistent with other provisions of the Bankruptcy Code.

Conversion from one chapter to another does not generally "effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). Retention of the original petition date upon conversion from one chapter to another "means that, aside from the exceptions listed in subsections (b) and (c),[5] the sections of the Code

---

[4] *See also, In re Pacheco,* 342 B.R. 352, 357 (Bankr.D.N.M. 2006)("[T]he value of the liens, the value of the property, and the amount of the exemption are all measured as of the date of the filing of the petition.")(citations omitted); *In re Levinson,* 372 B.R. 582, 586-87 (Bankr.E.D.N.Y. 2007), *aff'd,* 395 B.R. 554 (E.D.N.Y. 2008)(stating that "the petition date as has been held to be the operative date for all § 522(f) determinations, including determinations regarding the value of the debtor's property . . .")(citations omitted).

[5] The exceptions found in subsections (b) and (c) of 11 U.S.C. § 348 pertain to the "order for relief" and are not applicable here.

that are keyed to the dates of the filing of the petition, the commencement of the case or the entry of the order for relief are unaffected by conversion." 3 Collier on Bankruptcy ¶ 348.02 (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2012). Because the date of the filing of the petition is the operative date to make lien avoidance determinations under 11 U.S.C. § 522(f), including the amount of the liens and the value of the exempt property,[6] the Debtor cannot rely on the depreciated, current value of the Property as of the date of conversion to a case under Chapter 7 to establish her right to avoid Mr. Gould's lien.[7] *See* 11 U.S.C. § 348(f)(1)(B).

    2.    *Absent an effective waiver, Section 348(f)(1)(B) applies to the valuation contained in the Stipulated Order*

Mr. Gould asserts that 11 U.S.C. § 348(f)(1)(B) does not apply to the valuation contained in the Stipulated Order for three reasons: 1) 11 U.S.C. § 348(f)(1)(B) is limited to valuations under 11 U.S.C. § 506(a); 2) 11 U.S.C. § 348(f)(1)(B) applies only to implicit valuations, not explicit valuations of the kind contained in the Stipulation Order; and 3) the language of 11 U.S.C. § 348(f)(1)(B) is ambiguous. The Court disagrees.

Mr. Gould cites *In re Winitzky,* 2009 WL 9139891 (Bankr.C.D.Ca. May 7, 2009) in support of his argument that 11 U.S.C. § 348(f) is limited to valuations made under 11 U.S.C. § 506(a). Debtor correctly points out that *Winitzky* does not hold that 11 U.S.C. § 348(f)(1)(B) avoids only valuations under 11 U.S.C. § 506(a), but merely acknowledges that 11 U.S.C. § 348(f)(1)(B) voids a valuation under 11 U.S.C. § 506(a) when a case converts from Chapter 13

---

[6] *See In re Martinez,* 469 B.R. 74, 83 (Bankr. D.N.M. 2012)("The petition date is the operative date to make determinations under 11 U.S.C. § 522(f)(20(A), including determinations of lien amounts and the value of the exempt property. To avoid a judicial lien under 11 U.S.C. § 522(f)(2)(A) against property that was property of the estate on the petition date, the lien must impair the exemption as of the petition date.").

[7] The Debtor also argues that the depreciated value of the Property is not "property of the estate" under 348(f)(1)(A) because such lesser value is no longer in the Debtor's "possession and control." *See In re Lang,* 437 B.R. 70, 72 (Bankr.W.D.N.Y. 2010)(lost depreciation value of car is no longer an asset of the bankruptcy estate following conversion from Chapter 13 to Chapter 7). Regardless of whether that is so, the effect of 11 U.S.C. § 348(f)(1)(A) on what constitutes property of the converted Chapter 7 bankruptcy estate does not change the relevant valuation date for purposes of determining lien avoidance under 11 U.S.C. § 522(f).

to Chapter 7. *Winitzky,* 2009 WL 9139891 at *3. The fact that the Stipulated Order valued the Property for purposes of 11 U.S.C. § 522(f)(1)(A), not 11 U.S.C. § 506(a), does not, therefore, automatically except the stipulated value from the operation of 11 U.S.C. § 348(f)(1)(B).

Courts have used the phrase "implicit valuation" to refer to uncontested property valuations contained in Chapter 13 confirmation orders. *See In re Lynch,* 363 B.R. 101, 104 (9th Cir. BAP 2007)(explaining that, under the majority view, a Chapter 13 plan confirmation order incorporates an implicit valuation of property when there has been no contested valuation proceeding, but ultimately rejecting the implicit valuation approach).[8] Mr. Gould attempts to distinguish the "implicit valuation" cases by arguing that the stipulated value of the Property was an "explicit" valuation based on a professional appraisal. Because, as the Court determines below, 11 U.S.C. § 348(f)(B)(1) unambiguously provides that valuations in Chapter 13 do not apply to cases converted to Chapter 7, it makes no difference whether the valuation is an "implicit" valuation in a confirmation order or an "explicit" valuation based on an appraisal.

Section 348, which governs the effect of conversion from one chapter of Title 11 to another, provides, in relevant part:

> [W]hen a case under chapter 13 of this title is converted to a case under another chapter under this title—
>
> > (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7 . . .

11 U.S.C. § 348(f)(1)(B).

When faced with interpreting the meaning of a statute, the Court begins with the language of the statute itself. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026,

---

[8] *See also, Warren v. Peterson,* 298 B.R. 322, 325 (N.D.Ill. 2003)("an order confirming a chapter 13 bankruptcy plan is an implicit valuation of the scheduled property."). *But see, In re Jackson,* 317 B.R. 511 (Bankr.N.D.Ill. 2004)(rejecting the idea that a confirmation order constitutes an "implicit valuation" of property).

1030, 103 L.Ed.2d 290 (1989). If the language is clear, the Court's inquiry ends, and the Court will enforce the statute according to its terms. *See Ron Pair,* 489 U.S. at 241, 109 S.Ct. at 1030 ("where . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'")(quoting *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). The language of the statute plainly provides that property valuations made in a Chapter 13 case apply only to cases converted to Chapter 11 or 12 but not to cases converted to Chapter 7. 11 U.S.C. § 348(f)(1)(B). Under the plain meaning of 11 U.S.C. § 348(f)(1)(B), all property valuations made in the Chapter 13 case do not apply following conversion to Chapter 7. *See In re Airhart,* 473 B.R. 178, 182 (Bankr.S.D.Tex. 2012)("§ 348(f)(1)(B) unambiguously requires that Chapter 13 valuations should only be applied when valuing allowed secured claims in cases converted to Chapters 11 and 12.").

Courts have applied this plain meaning to conclude that property valuations made while the case was pending under Chapter 13 cannot be used for purposes of redemption under 11 U.S.C. § 722 following conversion to Chapter 7. *See, e.g., In re Nance,* 2013 WL 2897527, *2 (Bankr.M.D.N.C. 2013)("The Court is not permitted to use the valuation determined during the chapter 13 case [for redemption purposes].")(citing 11 U.S.C. § 348(f)(1)(B)); *Airhart,* 473 B.R. at 185 (Under the plain meaning of 11 U.S.C. § 348(f)(1)(B), the court is not bound by property valuations established in a Chapter 13 plan once the case converts to Chapter 7 and the debtor seeks to redeem that property: "once the case is converted, valuation begins anew."). *See also, In re Auernheimer,* 437 B.R. 405, 409 (Bankr.D.Kan. 2010)(noting that "[v]aluations of property in Chapter 13 do not survive conversion to Chapter 7.").

-10-

Thus, 11 U.S.C. § 348(f)(1)(B) does apply to the type of valuation contained in the Stipulated Order, even though it is an "explicit" valuation applied to a purpose other than determining the amount of a secured claim under 11 U.S.C. § 506(a).

> 3. *The language in the Stipulated Order is insufficient to establish a waiver of the Debtor's right to invoke Section 348(f)(1)(B)*

Notwithstanding 11 U.S.C. § 348(f)(1)(B), Mr. Gould argues that the language in the Stipulated Order that the value of the Property is $168,000 "for all purposes in this bankruptcy case" constitutes a waiver by Debtor of her right to invoke Section 348(f)(1)(B). *See* Stipulated Order. Mr. Gould reasons that this stipulation applies to the converted Chapter 7 case because after conversion the same bankruptcy case continues but under a different chapter. While the Court agrees that conversion does not commence a new bankruptcy case, the Court disagrees that the language "for all purposes in this bankruptcy case" necessarily demonstrates an effective waiver of the Debtor's right to invoke Section 348(f)(1)(B).

There is no question that conversion does not commence a new bankruptcy case. *See Harris v. Viegelahn*, __ U.S. __, 135 S.Ct. 1829, 1836 (2015) ("Conversion from Chapter 13 to Chapter 7 does not commence a new bankruptcy case"). A "case" is commenced upon the filing of a voluntary petition for relief. *See* 11 U.S.C. § 303(a) ("A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter."). Upon conversion, the original case simply continues under a different chapter. *See* 11 U.S.C. § 348(a) ("Conversion . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."). Because there is only one bankruptcy case, the stipulation of value "for all purposes in this bankruptcy case" could mean that the parties intended for the stipulated value to apply even if the case later converted to Chapter 7.

-11-

A waiver generally requires "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)(considering whether a party waived a constitutional right). *See also Yates v. American Republics Corp.,* 163 F.2d 178, 179 (10th Cir. 1947)(stating that "[w]aiver is the voluntary relinquishment or surrender of some known right[,]" and applying the definition to a contract right). While a waiver may be implied or express, "to constitute implied waiver, there must be unequivocal and decisive acts or conduct of the party clearly evincing an intent to waive, or acts or conduct amounting to an estoppel on his part." *Yates,* 163 F.2d at 180 (citations omitted). Proof of an intentional relinquishment a *known* right granted by a section of the Bankruptcy Code requires a showing of a knowing and purposeful waiver of that right. *See, In re Benafel,* 2010 WL 5373127, at *2 (Bankr. D.Or. Dec. 22, 2010)(stating that, to operate as a waiver of a lender's protections under a particular Bankruptcy Code section, the language must be "explicit to that effect, and reflect[ ] a knowing and purposeful waiver of . . . rights under the Bankruptcy Code.")(citation omitted), *rev'd on other grounds,* 461 B.R. 581 (9th Cir. BAP 2011); *In re Furley's Transport, Inc.,* 272 B.R. 161, 167-168 (Bankr.D.Md. 2001)(finding no express or implied waiver of trustee's right to pursue avoidance actions under the Bankruptcy Code), *aff'd,* 306 B.R. 514 (D.Md. 2002).

Upon conversion of a case from Chapter 13 to Chapter 7, 11 U.S.C. § 348(f)(1)(B) places the parties in the same position regarding the valuation of property pledged to a creditor as if the debtor initially filed a Chapter 7 case in which no valuation had yet occurred. Among other things, this provision gives parties the freedom to negotiate valuations in Chapter 13 cases to which they would not have agreed in a Chapter 7 case. For example, a debtor may stipulate to a higher value for personal property in a Chapter 13 case, where payment can be made over a

period of years, than in Chapter 7 under the redemption provision found in 11 U.S.C. § 722 where payment in full is required at the time of redemption. Likewise, a creditor may stipulate to a higher value in Chapter 13 in exchange for greater periodic payments than for purposes of prosecuting a stay relief motion in Chapter 7. To satisfy the waiver standard in connection with a value negotiated while the case was pending in Chapter 13 – i.e. the intentional relinquishment of a known right – a party must establish that the parties intended to waive the right to a fresh valuation in a converted Chapter 7 case.

When considering whether a party has waived by court-approved stipulation a right otherwise provided for under the Bankruptcy Code, courts often look to the specificity of the language used in the stipulation. *See, e.g., In re Bradlees Stores, Inc.,* 2001 WL 1112308, at *13 n. 6 (S.D.N.Y. Sept. 20, 2011)(acknowledging that "courts have enforced earlier, court-approved settlement agreements waiving a debtor's right to the automatic stay or other rights under the Bankruptcy Code" when "the court-ordered agreement contained an explicit waiver of a specific section of the Bankruptcy Code.")(citing, *In re Springpark Assocs.,* 623 F.2d 1377, 1379 (9th Cir. 1990) and *In re Atrium High Point Ltd. P'ship,* 189 B.R. 599, 603 (Bankr.M.D.N.C. 1995)). *See also, InteliQuest Media Corp.,* 326 B.R. 825, 831 (10th Cir. BAP 2005)(observing that a court-approved waiver expressly embodied in an order is enforceable, and finding that the parties were bound by their previously-approved waiver of surcharge rights under 11 U.S.C. § 506(c) under principles of res judicata).

Here, the Stipulated Order does not explicitly state that 11 U.S.C. § 348(f)(1)(B) was inapplicable to the stipulated value in the event of conversion, nor does it expressly contemplate the stipulated value would continue to apply after conversion of the Debtors' Chapter 13 case to Chapter 7. Whatever the parties' intentions, the Court cannot find from the language of the

-13-

Stipulated Order itself that Debtors have knowingly and intentionally waived their right to rely on 11 U.S.C. § 348(f)(1)(B) in the converted case. The language "for all purposes in this bankruptcy case" contained in the Stipulated Order is ambiguous. Although conversion does not commence a new bankruptcy case, it is common to refer to a bankruptcy case by the chapter under which the case is pending, such as a Chapter 7 bankruptcy case, a Chapter 11 bankruptcy case, or a Chapter 13 bankruptcy case. It is not clear whether the reference in the Stipulated Order to "all purposes in this bankruptcy case" was intended to refer to "this Chapter 13 bankruptcy case" or, to negate the effect of 11 U.S.C. § 348(f)(1)(B) in the event of conversion.

Having found an ambiguity in such language, Mr. Gould is not entitled to summary judgment based on the stipulation of value contained in the Stipulated Order. Either party may present extrinsic evidence of the intended meaning of the language, "for all purposes in this bankruptcy case," contained in the Stipulated Order at a final hearing. *See In re Texas General Petroleum Corp.,* 52 F.3d 1330, 1335-1336 (5th Cir. 1995)(stating that the rules of contract interpretation apply to the interpretation of a reorganization plan and affirming the bankruptcy court's use of parol evidence to determine the intent of the parties and resolve an ambiguity contained in the plan); *City of Sunland Park v. Harris News, Inc.,* 138 N.M. 588, 593, 124 P.3d 566, 571 (Ct.App. 2005)(under New Mexico law, "if the district court decides that a term is ambiguous, it may admit extrinsic evidence to explain what the parties meant the term to mean.")(citing *C.R. Anthony Co. v. Loretto Mall Partners,* 112 N.M. 504, 508, 817 P.2d 238, 242 (1991)).

## CONCLUSION

Because the language of the Stipulated Order is ambiguous, the parties' stipulation of value contained in the Stipulated Order is by itself insufficient to waive the application of 11

-14-

U.S.C. § 348(f). Absent a knowing and intentional waiver of the application of 11 U.S.C. § 348(f)(1)(B), the value of the Property to which the parties stipulated while the case was proceeding under Chapter 13 no longer applies upon the conversion of the Debtors' case to Chapter 7 by operation of the plain language of 11 U.S.C. § 348(f)(1)(B). The alleged change in the current value of the Property is irrelevant to the Debtor's motion to avoid Mr. Gould's judicial lien because the applicable valuation date for purposes of lien avoidance is the date of filing of the Chapter 13 case. In fact, there has never been a determination of the Property's value as of the date of commencement of the Chapter 13 case.[9]

The Debtor has the burden of establishing all elements under 11 U.S.C. § 522, including the value of the Property. *See In re Thompson,* 263 B.R. 134, 138 (Bankr. W.D.Okla. 2001)("Debtors bear the burden of proof on all lien avoidance issues.")(citation omitted); *In re Kelly,* 311 B.R. 341, 345 (Bankr. W.D.N.Y. 2004)(the debtor had the burden of proving the value of his homestead property as of the petition date for purposes of lien avoidance under 11 U.S.C. § 522(f) and could not rely on the valuation of the property used for purposes of plan confirmation). Because the Stipulated Order fails to establish a waiver of the application of 11 U.S.C. § 348(f)(1)(B), and because the Debtor has not established the value of the Property as of the petition date, both motions for summary judgment must be denied. The Court will enter a separate order consistent with this Memorandum Opinion that denies the cross-motions for summary judgment and sets a scheduling conference on the Debtor's amended motion to avoid judicial lien.

                                                          */s/ Robert H. Jacobvitz*
                                                        ROBERT H. JACOBVITZ
                                                        United States Bankruptcy Judge

---

[9] The stipulated value was based on an appraisal of the Property as of a date different from the petition date. *See* Facts Not in Genuine Dispute, ¶ 8.

-15-

Date entered on docket: June 18, 2015


COPY TO:

| | |
|---|---|
| Jennie Deden Behles | Denise Trujillo |
| Attorney for Debtors | Attorney for Walter Gould |
| PO Box 7070 | 10400 Academy NE, Suite 350 |
| Albuquerque, NM 87194 | Albuquerque, NM 87111 |